UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                         **ORDER**
                            Criminal File No. 10-352 (MJD)

(1) CHRISTOPHER ALLEN JANOTA,

       Defendant.

Erika R. Mozangue, Assistant United States Attorney, Counsel for Plaintiff.

Bruce M. Rivers, Rivers & Associates, PA, Counsel for Defendant.

This matter is before the Court on Defendant Christopher Allen Janota's Request for Hearing. [Docket No. 31]

On January 27, 2011, Janota pled guilty to Count 1 of the Information, Conspiracy to Transport Stolen Property, in violation of 18 U.S.C. §§ 371, 2314. On March 13, 2012, the Court sentenced Defendant to the Bureau of Prisons for a term of one day and to a term of three years supervised release following his prison term. The Court also ordered restitution in the amount of $772,793.83. Defendant was credited $148,281.37 towards that restitution amount. The Court

further ordered payments of at least $100.00 per month made over a period of three years.

On May 25, 2012, the Government notified Defendant that the full restitution judgment should be paid within 20 days. (Dasovich Decl., Ex. A.) It warned that, if Defendant did not provide full payment within 20 days, the Government would enforce collection of the debt, including garnishment and levy. (Id.)

On October 25, 2012, the Government requested that Defendant liquidate his assets at Fidelity and Scottrade and pay the proceeds towards his criminal restitution. The Government noted that, if Defendant did not do so, the Government would pursue enforced collection. (Dasovich Decl., Ex. C.) Defendant did not liquidate those assets and make payment. Thus, the Government served writs of garnishment on Defendant's accounts at Scottrade and Fidelity. The Government served its application for writ of garnishment, Clerk's notice of post-judgment garnishment, writ of garnishment, instructions on how to claim exemptions, a claim for exemption form, and a copy of the answer of garnishee on Janota's wife, Lydia McSwain-Janota. [Docket No. 30] However, she has filed no objection.

On February 11, 2013, Defendant filed a request for a hearing that states, in its entirety: "Defendant CHRISTOPHER ALLEN JANOTA, through undersigned counsel, hereby requests a hearing with respect to the post judgment garnishment of his individual accounts and joint accounts with his wife Lydia Janota."  In response to Defendant's motion, on February 13, the Government filed a letter informing Defendant that he needed to set forth the reason that he objected to the garnishment and providing a list of the possible exemptions.  Defendant filed no response.  On March 29, the Government filed its formal opposition to Defendant's request for a hearing.  Defendant has still failed to file any additional documentation or explanation.

The party objecting to the writ of garnishment, in this case, Janota, "shall state the grounds for the objection and bear the burden of proving such grounds."  28 U.S.C. § 3205(c)(5).  Cognizable grounds for an objection are whether the defendant states a valid claim for an exemption; whether the Government has complied with the statutory requirements for garnishment; and if the judgment is by default, the probable validity of the claim for the debt and any good cause for setting aside judgment.  28 U.S.C. § 3202(d).

Here, Defendant has not asserted any exemption, and, from the limited record, there does not appear to be any exemption that would be applicable. There is no indication that the Government failed to comply with all applicable statutory requirements. And this judgment was not entered by default, but arose from a criminal conviction. Defendant has had ample time to explain and support his motion, but has declined to do so. Defendant's request for a hearing is denied.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Request for Hearing [Docket No. 31] is **DENIED**.

Dated: April 19, 2013         s/ Michael J. Davis
                              Michael J. Davis
                              Chief Judge
                              United States District Court